IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00268-PAB-MEH

HOME DESIGN SERVICES, INC.,

    Plaintiff,

v.

NOE A. GOMEZ,
SANDRA GOMEZ,
GREGORY K. BARNETT, d/b/a Barnetts Designs, Inc.,
KS CUSTOM BUILDERS, INC., and
G CONSTRUCTION, INC.,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion for Contempt, to Compel, and for Sanctions Against Defendants Noe Gomez and Sandra Gomez [filed August 19, 2009; docket #37]. The matter is briefed and was referred to this Court for disposition. The Court held a hearing on the motion on September 2, 2009. For the reasons set forth herein, the motion is **granted in part and denied in part**.

Plaintiff served its first set of Interrogatories, Requests for Production and Requests for Admissions in April 2009. When the Gomez Defendants failed to respond to the discovery requests in a timely manner, Plaintiff moved to compel responses. Defendants failed to respond to the motion; therefore, the Court considered the motion confessed, granted the motion on July 27, 2009, ordered responses to Plaintiff's discovery to be submitted on or before August 10, 2009, and awarded attorney's fees against the Defendants.

In the within motion, Plaintiff alleges that the Gomez Defendants failed to comply with this Court's order by failing to respond to Plaintiff's written discovery on or before August 10.

However, on August 13, 2009, the Gomez' attorney mailed to Plaintiff a compact disk containing copies of documents in no particular order. There were attached no written responses to the discovery requests. Therefore, the Plaintiff now seeks an order compelling written responses to the Interrogatories and Requests for Production of Documents, deeming the facts stated in the Requests for Admissions admitted, permitting the Plaintiff an adverse inference, prohibiting the Gomez' from offering evidence in support of their defenses, awarding attorney's fees for the motion and/or entering default judgment against the Defendants. There has been no written response to Plaintiff's motion.

Following this Court's order setting the hearing in this matter, two new attorneys from the same law firm entered their appearance for the Gomez Defendants; one appeared at the hearing with the Defendants' original counsel, Bradley Hibberd.

At the hearing, defense counsel Hibberd responded to the allegations in the motion saying that he believed he and Plaintiff's counsel were working out the issues on an informal basis. Plaintiff's counsel disputed this position, pointing to several email messages and the original motion to compel filed in June 2009.

The Court determines that defense counsel, Mr. Hibberd, has failed to comply with discovery deadlines in this case and with this Court's July 27, 2009 order. While the Court finds no substantial justification for counsel's conduct in this matter, such conduct does not necessarily rise to the level of contempt of court. Consequently, the Court will deny Plaintiff's request for a finding of contempt, but grant the motion for sanctions and order the following:

(1) The facts stated in the Plaintiff's Requests for Admissions are deemed admitted pursuant to Fed. R. Civ. P. 36(a)(3).

(2) The Gomez Defendants have waived their objections to Plaintiff's discovery requests

pursuant to Fed. R. Civ. P. 33(b)(4). *See also Duhill v. Lennar Family of Builders*, 2008 WL 4457874, *4 (D. Colo. Oct. 1, 2008) (unpublished) (citing *Starlight Intern., Inc. v. Herlihy,* 181 F.R.D. 494, 496 (D. Kan. 1998)).

(3) The Gomez Defendants must produce their Fed. R. Civ. P. 26(a) disclosures, full and complete answers to the Interrogatories, a written response to the Requests for Production, and copies of all remaining requested documents **on or before September 9, 2009**.

(4) The Plaintiff is entitled to its reasonable expenses incurred in filing the within motion. Plaintiff shall have all costs and attorney's fees reasonably incurred in filing the within motion and preparing for the September 2, 2009 hearing by filing an affidavit supporting such expenses no later than September 14, 2009. *See* Fed. R. Civ. P. 37(a)(5)(A).

(5) Having no objection from Defendants, the Court finds reasonable the attorney's fees requested in Plaintiff's Affidavit of Attorney's Fees in Support of Award of Sanctions [docket #30]; therefore, Defendants' counsel, Bradley Hibberd, is sanctioned in the amount of $505.00, to be paid to counsel for Plaintiff as a reasonable award of attorney's fees. This amount shall be paid no later than September 21, 2009. Mr. Hibberd shall file a Notice of Compliance with Order re: Sanctions **on or before September 22, 2009**.

If the Gomez Defendants fail to comply fully with this order, the Court will order harsher sanctions and/or recommend entry of default judgment against them pursuant to Fed. R. Civ. P. 37(b).

Dated this 3rd day of September, 2009 in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge